J. W. LAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1323.   Promulgated October 14, 1927.

Petitioner realized no taxable gain from the receipt of certain notes by him as consideration for debts due him by a liquidating corporation in which he was the principal stockholder.

*Chester A. Bennett, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

The Commissioner has asserted a deficiency in income tax for the year 1919 in the amount of $28,266.12. The only question at issue is whether the petitioner realized a taxable gain upon receipt of certain property assigned to him as a liquidating dividend.

FINDINGS OF FACT.

The petitioner is an individual residing at Greenville, Ky., where he has long been engaged in the business of owning and operating coal·lands and coal mines. Prior to 1911 he had acquired all the coal rights in about 450 acres of coal-bearing lands, together with title to several acres of surface lands for use in mining such coal lands. In the development and operation of this property he opened up two fully equipped mines, erected 74 dwelling houses for occupancy by miners, and constructed one mile of surface railway for the purpose of facilitating the shipment of coal recovered in his mining operations. The value of such coal rights, lands, equipment, trackage,

and other mining facilities at June 10, 1911, was not less than $125,000.

On June 10, 1911, the petitioner sold the mining properties above described to the Hillside Coal Co. and received therefor all the common stock of such company of the par value of $25,000 and its 20-year 6 per cent bonds of the par value of $100,000. The bonds so received were secured by a first mortgage on all the property transferred. The fair market value or price of the securities received by the petitioner in exchange for the property transferred to the Hillside Coal Co., was not less than $125,000 at June 10, 1911, and at March 1, 1913.

On April 17, 1918, the Hillside Coal Co. deeded to the Liberty Coal Co., a small tract of land and a stone house located thereon, and received as consideration therefor, the amount of $3,500. On December 30, 1918, it sold one of its mining plants to the Saulsburg Coal Co., of Central City, Ky., and received therefor, the amount of $5,000 in cash, and a series of 6 promissory notes for $8,333.33⅓ each, which by their terms were a lien on the property. On December 30, 1919, it sold the Oakland Coal Co. its remaining mining property, and received therefor, in 2 payments, the amount of $30,000 in cash and a series of 8 purchase-money notes in the amount of $7,500, each, and payable one at the end of each succeeding 12 months until all were discharged, with interest on deferred payments at the rate of 6 per cent per annum.

Upon the completion of the sales above described, the Hillside Co. proceeded to liquidate. It applied all the cash proceeds received to its open accounts payable and assigned all the purchase money notes of the Oakland Coal Co. and the Saulsburg Coal Co. to the petitioner as consideration for his surrender and cancellation of its bonds and stock, which he had received at date of incorporation, and which he held and owned at date of liquidation. At date of the surrender and cancellation of the bonds no payments had ever been made on the principal amount thereof, and only the amount of $2,500 had been paid on the interest accrued from June 10, 1911, to December 1, 1918, a period of approximately 7 years and 6 months. At such date, the accrued unpaid interest thereon was approximately $39,000.

The cash received by the Hillside Coal Co. from the Liberty Coal Co., the Saulsburg Coal Co. and the Oakland Coal Co., was not sufficient to pay its outstanding current obligations. Upon liquidation the petitioner received the assets of the Hillside Coal Co. subject to liabilities to creditors in amounts not disclosed by the record. At the date of liquidation such company had no surplus.

## OPINION.

LANSDON: The only question to be decided here is whether the petitioner realized a taxable profit when he surrendered the stock and bonds of the Hillside Coal Co. at the par value of $125,000 and received therefor all the assets of such company at the date of its liquidation in the taxable year.

We are convinced that the property paid in by the petitioner for the bonds and stock in question was worth not less than $125,000 and that such bonds and stock had a fair market price or value at date of acquisition and at March 1, 1913, of not less than such amount. The date of final liquidation is not in the record but the parties agree that it was some time in the taxable year. At January 1, 1919, the Hillside Coal Co. had no assets other than the deferred purchase money notes in the amount of $110,000, which it had received in part payment for its property. Upon liquidation such notes were assigned and transferred to the petitioner in consideration of his surrender and cancellation of its stocks and bonds. As the sole stockholder of the Hillside Coal Co. and therefore the sole distributee of its assets in liquidation, the petitioner became liable for all the outstanding obligations of the company which included interest due and unpaid on the bonds in an amount not less than $39,000 and certain other unpaid accounts of such company in amounts not disclosed by the record. The property received at date of liquidation, subject to liabilities in excess of $39,000 was worth less than $125,000. No taxable profit resulted from the petitioner's receipt of such property received in liquidation of the Hillside Coal Co. in the taxable year.

*Judgment will be entered for the petitioner.*

Considered by STERNHAGEN, GREEN, and ARUNDELL.